JOSEPH BUCKHOUT, RESPONDENT, *v.* CHARLES RALL, APPELLANT.

*Constitution, art. 6, sec. 15 — jurisdiction of the County Court — chap. 480 of 1880 is invalid — effect of amending a section of an act after its repeal.*

Section 1 of chapter 467 of 1870 conferred upon County Courts jurisdiction over civil actions in which the relief demanded did not exceed $1,000. This section was repealed by chapter 417 of 1877. The whole act of 1870 was repealed by chapter 245 of 1880, which took effect September 1, 1880. By chapter 480 of 1880 the said first section was amended so as to give the County Court jurisdiction when the relief demanded did not exceed $3,000.

*Held,* that chapter 480 of 1880 must be considered as having revived the repealed section of chapter 467 of 1870, or as having force and validity as a new law.

That the jurisdiction conferred upon the County Court by the act of 1880 exceeded the limit prescribed by the fifteenth section of the sixth article of the Constitution, and that the act was therefore invalid and void.

APPEAL from a judgment of the County Court of Westchester county in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the judge's minutes.

The action was brought to recover damages for an assault and battery. The plaintiff demanded $2,000 and recovered $230. The jurisdiction of the County Court was not questioned by the pleadings or upon the trial.

*Wm. G. Valentine,* for the appellant.

*Smith Lent,* for the respondent.

DYKMAN, J.:

This is an action for assault and battery. The offense was established on the trial and the plaintiff had a verdict, and the case would require little examination here but for a question now to be stated.

The action was brought in the County Court and the complaint demanded judgment for $2,000, and now the jurisdiction of that court is challenged for that reason. As this is a question to be started at any stage of the action it must receive examination now.

The County Court is of limited jurisdiction and can exercise

only such powers as are conferred upon it by the Constitution and the enactments of the legislature.

In the State Constitution of 1870, the provision is, that the County Courts shall have the powers they now possess until altered by the legislature. They shall also have original jurisdiction in all cases where the defendants reside in the county, and in which the damages demanded shall not exceed $1,000, and also such appellate jurisdiction as shall be provided by law, subject, however, to such provision as shall be made by law for the removal of causes to the Supreme Court. They shall also have such other original jurisdiction as shall from time to time be conferred upon them by the legislature.

It is thus seen, that the provision of the Constitution respecting the original jurisdiction of this court, in common law actions is restricted and confined to cases where the defendants reside in the county, and in which the damages demanded shall not exceed $1,000, and so far it is self-executing. It supplies a specific rule, and requires no legislation for that purpose.

. Where no constitutional restriction is imposed on the law making power of the State it is free to act within the scope of its legitimate province. The object of the paramount law is not to grant or confer legislative power, but to limit and restrain its exercise. In the absence of such limitations the power to make laws is omnipotent, yet limitations may be implied as well as expressed, and such restriction is the main object and purpose of the State Constitution. The legislature cannot exercise judicial authority because that has been intrusted exclusively to the courts, and this is an instance of implied restraint on the law making power.

When the Constitution in terms prescribed the original jurisdiction of the County Courts of the State, it confined the same to cases where the defendants resided in the county and the damages demanded did not exceed $1,000, and their jurisdiction was thus limited as to persons sued and the amount claimed. In this view, the bestowment of such other original jurisdiction as shall from time to time be conferred upon them by the legislature does not authorize the extension of their jurisdiction to other parties or greater amounts, for certainly one may be done as well as the other. If the jurisdiction of these courts may be enlarged to $3,000, restric-

tions on the amount demanded may be altogether removed and they may be made co-ordinate in this respect with the Supreme Court. It would require explicit language to justify such a construction, as by it the local character of the courts would be substantially destroyed.

We are not inclined to a latitudinarian construction of the fundamental law of the State. When constitutional limitations are imposed on the legislative power, either expressly or by plain implication, they should be followed by the courts. They cannot be disregarded without infringirg on the reserved rights and powers of the people withheld from their legislative representatives.

· A tendency towards local administration is plainly discernible in the present State Constitution. Actions brought in the County Courts must be against residents of the county. This is a specific requirement, and under the provision for other original jurisdiction it cannot be disregarded. These words must find satisfaction in bestowing power on the legislature to confer original jurisdiction in other kinds of actions and proceedings aside from those specifically named.

The history of the legislation on this subject, is as follows :

Soon after the adoption of the present Constitution, the legislature in obedience to the requirements of that instrument, made a law with specific provisions relating to the jurisdiction of County Courts in civil actions, and limited the same to cases where the demand for relief did not exceed $1,000. (Laws of 1870, chap. 467, § 1.) Then this section 1 was repealed in 1877 (Laws 1877, p. 474, chap. 417), but the whole subject was again regulated by the legislature the same year when the jurisdiction of the County Courts was again enlarged, but the recovery in civil actions was still restricted to $1,000. (Code Civil Proc., § 340.) In the year 1880, the remainder of chapter 467 of the Laws of 1870 was repealed, but the repealing act did not have effect until the 1st day of September, 1880. (Laws of 1880, chap. 245, p. 373.) Again, in the year 1880, a law was passed, providing that the County Courts in addition to the powers they then had should have jurisdiction in civil actions where the relief demanded was the recovery of a sum of money not exceeding $3,000, or the recovery of personal property not exceeding in value $3,000.

(Chap. 480, Laws of 1880, p. 690.) It is a fact, that although section 1 of chapter 467 of the Laws of 1870, was repealed by chapter 417 of the Laws of 1877, as above stated, yet the whole of chapter 467 of the Laws of 1870, was repealed by chapter 245 of the Laws of 1880, but as this last repealing act did not take effect until the 1st day of September, 1880, and as chapter 480 of the Laws of 1880, was passed May 28, 1880, amending section 1 of chapter 467 of the Laws 1870, it is presumed that law is valid. It must be received as reviving the first section of the law of 1870, or as having force and validity as a new law, at all events, it is now the last expression of the legislative will and must be received as its latest intention. That law confers jurisdiction on County Courts in civil actions where the relief demanded is a sum not exceeding $3,000, or the recovery of personal property not exceeding that value.

We have therefore no difficulty in ascertaining the present state of legislation on the subject under examination, but the last enactment is beyond the competency of the legislature. The examinations made lead to the conclusion that the jurisdiction of the County Courts, in cases like the present, was limited by the Constitution to actions where the amount demanded did not exceed $1,000, and the law of 1880, enlarging such jurisdiction to $3,000, was an invasion of that limitation, and is inoperative and void.

It results that the County Court had no jurisdiction of this action, and that the judgment appealed from must be reversed, with costs.

GILBERT, J., concurred; BARNARD, P. J., dissenting.

Judgment and order denying new trial reversed, with costs.